UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CALVIN PATTON,

    Petitioner,

v.                                          CAUSE NO. 3:19-CV-18-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Calvin Patton, a prisoner without a lawyer, filed a habeas corpus petition challenging a prison disciplinary proceeding at Indiana State Prison (ISP-18-10-0087) in which a disciplinary hearing officer found him guilty of battery (ECF 1). Mr. Patton was sanctioned with a loss of 104 days of earned time credits and a demotion in credit-earning class (ECF 1-1 at 3).

The charge was initiated on October 5, 2018, when Investigator C. Burke wrote a conduct report stating as follows: "On September 26, 2018, at approximately 7:18 a.m., Offender Patton, Calvin DOC #952639 can be seen on camera in A Cell House assaulting Offender Cody, Contrell DOC #200754" (ECF 1-1). Mr. Patton was charged with committing battery in violation of violating A-102 of the Indiana Department of Correction (IDOC) Disciplinary Code for Adult Offenders (*Id.*). On October 9, 2018, Mr. Patton was notified of the charge, pled not guilty, and requested a lay advocate (ECF 1-1 at 2). A lay advocate was appointed to represent him. He also requested "all physical evidence" (*Id.*).

On October 12, 2018, the hearing officer held a hearing on the charge (ECF 1-1 at 3). Mr. Patton stated as follows in his defense: "I didn't do it. I don't have anything to fight my case with." (*Id.*). The hearing officer considered this statement, the video evidence, and staff reports, including a confidential report prepared by the IDOC Office of Investigations and Intelligence, and found Mr.

Patton guilty (*Id.*). Mr. Patton was sanctioned with the loss of 104 days of earned time credits, temporary placement in restrictive housing, and a demotion in credit-earning class (*Id.*). After exhausting his administrative remedies, he filed this petition.

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Mr. Patton raises two claims in his petition (ECF 1). First, he claims that his due process rights were violated because the confidential investigation report and camera footage were not turned over to him (*Id.* at 2). The full panoply of rights available at a criminal trial are not applicable in the prison disciplinary context, and inmates have no general right to "confront and cross examine adverse witnesses." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). At screening, Mr. Patton requested "all physical evidence," rather than any particular piece of evidence (ECF 1-1 at 2). The prison cannot be faulted for failing to disclose evidence that Mr. Patton did not properly request. *Sweeney v. Parke*, 113 F.3d 716, 720 n.5 (7th Cir. 1997); *Miller v. Duckworth*, 963 F.2d 1002, 1005 n.2 (7th Cir. 1992). Assuming his general request can be read to encompass the investigation report and camera evidence, Mr. Patton had a right to request evidence in his defense, but not necessarily to review the evidence personally. *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public."). The court has reviewed the lengthy confidential investigation report, and it contains a variety of sensitive materials that, if viewed by Mr. Patton, could jeopardize institutional safety, reveal

investigative techniques, and invade the privacy rights of the victim. *See Wolff*, 418 U.S. at 566; *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

As for the camera footage, this circuit has recognized that disclosing such evidence to inmates entails security risks. *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). Specifically, the prison has a "bona fide security justification for non-disclosure," because viewing the video "might allow the inmate to learn the location and capabilities of the prison surveillance system, thus allowing him to avoid detection in the future." *Jones*, 637 F.3d at 848-849 (citation and internal quotation marks omitted). Here, the respondent argues that disclosure of this evidence would threaten institutional security and safety because it would give Mr. Patton information about the capabilities of the surveillance system (ECF 8 at 6). The court has reviewed the camera evidence and agrees.

Moreover, Mr. Patton would only have a right to this evidence if it is exculpatory. *Rasheed-Bey*, 969 F.2d at 361. Exculpatory in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Based on this court's review, both the confidential investigation report and the camera evidence are inculpatory, rather than exculpatory. The court notes additionally that to obtain habeas relief, Mr. Patton must show that a due process error resulted in actual prejudice. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). He does not allege any specific prejudice that resulted from him not being able to personally review this evidence, and the evidence was fully considered by the hearing officer in reaching her decision. He has not established a due process violation.

In his second claim, Mr. Patton argues that the hearing officer violated his rights by finding him guilty (ECF 1 at 2). He appears to be arguing, in part, that there was insufficient evidence of his guilt. To satisfy due process, there must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Under the law:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the

> findings of the disciplinary board were without support or otherwise arbitrary. . . . It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). In other words, prison disciplinary bodies are entitled to resolve conflicts in the stories presented to them, as long as "some evidence" supports the decision. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006). A conduct report alone can be sufficient evidence to support a finding of guilt, *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999), and here the confidential investigation report and camera evidence provide additional evidence of Mr. Patton's guilt. Though he claims he didn't commit the offense, the hearing officer considered his account that he didn't do it but chose to credit the evidence of his guilt. It is not the province of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652.

Within this claim, Mr. Patton also argues that he was denied an impartial decisionmaker. Prison adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

There is nothing in the record to indicate that the hearing officer was involved in any way in the events underlying the charge. Nevertheless, Mr. Patton claims that she was biased because he told her about certain "policy and procedure" violations that occurred in connection with the investigation, and she still found him guilty. Adverse rulings do not establish improper bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, as outlined above, there was constitutionally sufficient evidence in the record to support the hearing officer's guilty finding. He has not overcome the presumption that the hearing officer was impartial.

To the extent Mr. Patton is also arguing that the "policy and procedure" errors amounted to a due process violation, it is apparent that he is relying on alleged violations of the Disciplinary Code in support of this claim[1] (ECF 1 at 2; ECF 1-1 at 6-9). The violation of prison policy does not present a cognizable basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process").

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment in this case.

SO ORDERED.

July 30, 2020                                               *s/ Damon R. Leichty*
                                                            Judge, United States District Court

---

[1] He does not clearly outline the nature of these violations in the body of his petition, but he attaches the Disciplinary Code and underlines various portions of it (ECF 1-1 at 6-9). It can be discerned that these are the provisions that he believes were violated, and they pertain to service of the conduct report within 24 hours of the underlying incident and pre-hearing placement in restrictive housing, neither of which triggers federal due process concerns.